UNITED STATES DISTRICT COURT
Eastern District of Virginia
Alexandria Division

FILED
2013 OCT 25  P 4: 22
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

YOLANDER ROBINSON, )
        Plaintiff, )
    v. )
SCARLET HAVEN NURSING CARE LLC, )
EULA K. SECKA, )
and )
NENNEH KOJO BROWN, )
        Defendants. )

Case No. 1:13-CV-1339 (AJT/TRJ)

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff, Yolander Robinson ("Plaintiff Robinson"), by counsel, upon personal knowledge as to herself and upon information and belief as to other matters, and moves this Honorable Court for judgment against Defendants Scarlet Haven Nursing Care LLC ("Defendant Scarlet Haven"), Eula K. Secka ("Defendant Secka"), and Nenneh Kojo Brown ("Defendant Brown") (referred to collectively herein as "Defendants"), based upon the failure of Defendants to pay overtime compensation to Plaintiff in violation of § 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). In support thereof, Plaintiff states as follows:

### A. INTRODUCTION

1. Defendant Scarlett Haven is a home care agency that specializes in neonatal, infant and pediatric care servicing. Scarlett Haven offers skilled nursing services delivered by a team of individuals qualified and experienced in nursing care, and Plaintiff Robinson

1

performed these services as a Licensed Practical Nurse ("LPN") during her employment by Defendant Scarlet Haven.

2. Defendant Secka is the registered agent for Defendant Scarlet Haven, and Defendants Secka and Brown hired and directed the work of Plaintiff Robinson. Both Defendants Secka and Brown exercised a high level of control for the FLSA violations of Defendant Scarlet Haven as described herein. Both of these individual defendants have an ownership interest in Defendant Scarlet Haven, control significant aspects of Defendant Scarlet Haven's operations, including the hiring and firing of employees, and establish employee compensation. As such, Defendants Secka and Brown are "joint employers" with Defendant Scarlet Haven.

3. Defendant Scarlet Haven's practical nurses like Plaintiff Robinson work closely with the patient's physician to make certain that care is given and to ensure optimum results. Skilled nursing services routinely provided by Plaintiff Robinson during her employment by Defendant Scarlet Haven included work that can be lawfully performed only by an LPN. Plaintiff Robinson is an LPN who was required by Scarlet Haven to maintain her nursing license. Defendants billed Medicaid for the nursing services performed by Plaintiff Robinson at a rate approved for such services.

4. From on or about February, 2011, until in or around December, 2012, Defendants paid Plaintiff Robinson a straight time hourly wage of $20 per hour. During this period Plaintiff Robinson worked 96 or more hours every two weeks and more than 40 hours a week. Defendants never paid Plaintiff Robinson at the overtime or premium rate for any of her hours worked over 40 in any workweek.

5. Plaintiff Robinson brings this action on her behalf and on the behalf of all other similarly situated individuals to recover damages for Defendants' willful failure to pay overtime in violation of the FLSA.

## B. JURISDICTION, VENUE AND PARTIES

6. Defendant Scarlet Haven is a business that regularly engages in commerce, and its employees handle and use goods which have moved in interstate commerce.

7. At all relevant times, Defendant Scarlet Haven has been and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

8. Plaintiff is informed and believes and thereon alleges that Defendant Scarlet Haven is a Virginia limited liability company with its principal place of business in Alexandria, Virginia.

9. At all relevant times, Defendant Secka was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). *See, e.g., Brock v. Hamad*, 867 F. 2d 804, 808 n. 6 (4th Cir. 1989); *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006). In particular, Defendant Secka exercised control over the operations of Defendant Scarlet Haven, could hire and fire employees, had the power to control the actions of employees, and set their wages and compensation.

10. At all relevant times, Defendant Brown was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). In particular Defendant Brown exercised control over the operations of Defendant Scarlet Haven, could hire and fire employees, had the power to control the actions of employees, and set their wages and compensation.

11. Plaintiff is currently residing in Manassas, Virginia.

12. Plaintiff has been employed by Defendants within three years of the filing of this action.

13. At all relevant times Plaintiff has been an "employee" as that term is defined by FLSA, 29 U.S.C. § 203(e).

14. This Court has jurisdiction to hear this action pursuant to FLSA, 29 U.S.C. § 216 (b), (c), which extends jurisdiction in FLSA cases to any state or federal court.

15. Venue is proper because Defendants maintain their principal place of business in Alexandria, Virginia.

## C. FACTUAL ALLEGATIONS

16. At all relevant times Defendants had an annual gross volume of sales made or business done of $500,000 or more.

17. At all relevant times, Plaintiff and similarly situated individuals were engaged in commerce or in the production of goods for commerce.

18. At relevant times Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff and similarly situated individuals as required by 29 C.F.R. § 516.

19. The exact number of hours worked by and wages owed to Plaintiff and similarly situated employees will only be known through discovery.

20. Defendants were aware that Plaintiff and other similarly situated employees worked overtime hours.

21. At all relevant times, Plaintiff and other similarly situated employees worked overtime hours in excess of forty (40) hours in a workweek, and Defendants willfully refused to compensate Plaintiff and other similarly situated employees at their overtime rates, in violation of the FLSA

22. The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in excess of forty hours in one work week. This is commonly referred to as time-and-a-half pay for overtime work.

23. Despite working overtime, Plaintiff and other similarly situated employees was not paid time-and-a-half pay from Defendants for overtime worked.

24. The work performed by Plaintiff Robinson and other similarly situated LPN's employed by Defendants required licensed practical nurse training because under Virginia law some of her work may not be legally performed by lesser licensees such as nursing or medical assistants.

25. The work performed by Plaintiff Robinson and other similarly situated employees satisfies the "trained personnel" exception to the "companionship services" exemption from the FLSA, 29 U.S.C. § 213(a)(15) and 29 C.F.R. § 552.6. *See Nellis v. G.R. Herberger Revocable Trust*, 360 F. Supp. 1033 (D. Ariz. 2005). The tasks performed by Plaintiff Robinson and other similarly situated employees of Defendants, and the instruction they were required to receive to perform their nursing duties, include but are not limited to the following:

- Implementing the care plan
- Following physician instructions
- Administering medication all routes
- Maintaining proper skin integrity
- NGT feeding and placement
- GT feeding, assessment, and changes
- Intake/Output
- Tracheostomy care
- Suctioning
- Wound care assessments, staging, cleansing, and dressing
- Wound Vac certification
- IV certification
- Patient education and teaching, of conditions, medications, and disease process
- Assessment of all body systems
- Vital Signs
- Communication of care, and changes of patients with MD, Therapist, Nurses, Social workers
- Preparation of daily nutrition with understanding of nursing formula, and equations
- Range of Motion
- Maintaining aspiration precautions
- participating in yearly in-services to keep licensure active

- Providing daily hygiene
- Knowledge of equipment per patients
- Aseptic/ Sterile techniques
- Maintaining proper protocol of infection control
- Ostomy care
- Picc line dressing changes

### D. COLLECTIVE ACTION ALLEGATIONS

26. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

27. Defendants pay all of their LPN's similarly to how they paid Plaintiff Robinson.

28. Almost all of Defendant's LPN's work significant amounts of overtime. Defendants do not keep accurate records of these hours.

29. Defendants have a common policy of paying these LPN's on an hourly basis at approximately $20 per hour, with no overtime or premium pay for hours worked over 40 in any workweek.

30. This scheme denies proper overtime compensation.

31. On information and belief, there are over 100 current and former similarly situated, non-exempt LPN employees of Defendants who have been denied at least $2,000,000.00 in overtime compensation by this scheme over the last three years.

### E. WILLFUL VIOLATION

32. On information and belief, Defendants willfully, deliberately, and intentionally refused to pay Plaintiff and other similarly situated employees for overtime actually worked.

33. Defendants led Plaintiff and other similarly situated employees to believe that their regular pay was paid in conformity with the FLSA.

34. Defendants knew, or should have known, that Plaintiff and other similarly situated employees were entitled to time-and-a-half overtime pay under the FLSA, during all relevant times.

35. Plaintiff and other similarly situated employees are therefore owed compensation for time-and-a-half overtime wages from Defendants, who willingly and knowingly withheld those wages.

### F. Cause of Action
### (Fair Labor Standards Act)

36. The foregoing paragraphs are included herein as though fully set forth herein.

37. During the period of time when Plaintiff and other similarly situated employees were employed by Defendants, they performed overtime work for which no compensation was paid at their overtime rate, in violation of FLSA, 29 U.S.C. § 207(a)(1),(2).

38. Defendants' pay system was unilaterally imposed upon Plaintiff and other similarly situated employees.

39. Defendants' failure to properly administer a scheme of compensation, including but not limited to overtime compensation, violates the overtime provisions of the FLSA and the regulations thereunder.

40. As a result of Defendants' willful and knowing failure to properly compensate Plaintiff and other similarly situated employees, they have suffered substantial delays in receipt of wages owed and damages.

41. Pursuant to FLSA, 29 U.S.C. §§ 207, 216 (b), Defendants owe Plaintiff and other similarly situated employees compensation for their overtime work and an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

### G. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendants, jointly and severally, and prays as follows:

a. Award Plaintiff and all similarly situated individuals overtime wages and an equal amount as liquidated damages as provided under the law and in FLSA, 29 U.S.C. § 216(b), and in amounts to be determined at trial;

b. Award Plaintiff her reasonable attorneys' fees, expenses and costs of court;

c. Award Plaintiff pre-judgment and post=judgment interest as allowed by law; and,

d. Award to Plaintiff such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully Submitted,

YOLANDER ROBINSON
By Counsel

*[signature]*

Virginia Family and Employment Law Center
By: Thomas F. Hennessy, Esq., VASB #32850
4015 Chain Bridge Road, Suite G
Fairfax, VA 22030
TEL: (703) 865-5839
FAX: (703) 865-5849
*Counsel for Plaintiff*

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**